IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES ex rel. GEORGE ALBERT LIPCHEY, )<br><br>Petitioner )<br><br>vs. )<br><br>THOMAS J. CORBETT, Esq., Attorney General of the Commonwealth of Pennsylvania; and PAUL STOWITZKY, Superintendent, Regional State Correction Facility at Mercer, Pennsylvania; )<br><br>Respondents ) | Civil Action No. 06-989<br>Judge Terrence F. McVerry/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254 be denied and that a certificate of appealability be denied.

REPORT

George Albert Lipchey ("Petitioner") is a state prisoner, who was convicted of third degree murder in the stabbing death of his wife, which occurred on August 30, 1995, in their home. Petitioner has privately retained counsel through whom he filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Because his § 2254 petition was not filed timely, it should be denied. Alternatively, because he procedurally defaulted all of his claims, his petition should be denied.

**A. Factual and Procedural History**

The issues raised in the instant habeas petition are as follows:

I. PENNSYLVANIA'S ONE YEAR LIMITATION WITHIN WHICH TO FILE A FIRST OR SUBSEQUENT PCRA PETITION IS CONSTITUTIONALLY

ARBITRARY AND CAPRICIOUS AND DENIES PETITIONER HIS
CONSTITUTIONAL RIGHT TO HAVE REASONABLE ACCESS TO THE
COURTS.

Dkt. [6], at 10.

II.  THE PENNSYLVANIA COURTS ERRED IN NOT GRANTING
PETITIONER LEAVE TO AMEND [his second PCRA petition], TO INCLUDE
ONE OF THE EXCEPTIONS TO THE STATUTORY TIME LIMIT.

Id., at 11.

III.  TRIAL COUNSEL'S LACK OF PREPARATION FOR JURY SELECTION
AND HIS PERFORMANCE IN THAT PROCESS WERE PATENTLY,
CONSTITUTIONALLY INEFFECTIVE.

Id.

IV.  TRIAL COUNSEL'S RELIANCE ON THE SPURIOUS DEFENSE OF
SELF-DEFENSE, AND HIS FAILURE TO MAKE A CLOSING ARGUMENT
SEEKING A VERDICT OF VOLUNTARY MANSLAUGHTER AMOUNTED
TO ABSOLUTELY CLEAR, CONSTITUTIONAL INEFFECTIVE
ASSISTANCE.

Id., at 12.

V. TRIAL COUNSEL ERRED, AND WAS INEFFECTIVE, IN FAILING TO
OBJECT TO THE COURT'S UNCLEAR AND IMPRECISE CHARGE ON
IMPERFECT SELF-DEFENSE, VOLUNTARY MANSLAUGHTER.

Id.

VI. DEFENSE COUNSEL FAILED TO INTRODUCE EVIDENCE THAT
PETITIONER WAS SUFFERING FROM HYPERTENSION BY REASON OF
HIS FAILED MARRIAGE.

Id., at 13.

VII.  DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO PREPARE
FOR THE SENTENCING HEARING , FAILING TO MAKE PROPER
INQUIRIES OF HIS CLIENT, FAILING TO SEEK MORE TIME TO PREPARE.

Id.

VIII.  GENERAL REVIEW OF INEFFECTIVE ASSISTANCE OF BOTH PRIOR
ATTORNEYS.

2

Id.

    IX.   The proceedings in the Pennsylvania Courts violated 28 U.S.C. Section 2254
in the following particulars. . . .

Id., at 14.

    On April 30, 1996, Petitioner's trial on a general homicide charge began and on May 8,

1996, the jury found Petitioner guilty of third degree murder in the stabbing death of his wife.  At

trial, the primary defense strategy was not to deny that Petitioner had committed the killing but to

argue that he should be acquitted based on the battered spouse syndrome.  Dkt. [6] at 4, ¶ 12.

Petitioner was sentenced to twenty to forty years on July 18, 1996.  At trial, Petitioner was

represented by a privately retained attorney who was then appointed by the Court to represent

Petitioner in the direct appeal process.  Dkt. [6] at 1, ¶ 4.   On appeal to the Superior Court,

Petitioner raised only the following two issues:

    I.  WHETHER THE TRIAL COURT ERRED BY REFUSING TO ALLOW THE
TESTIMONY OF LEO PETRULLI, THE VICTIM'S PARAMOUR AND
ALLEGED FATHER OF ONE OF THE VICTIM'S CHILDREN.

    II.  WHETHER THE TRIAL COURT ERRED BY SENTENCING APPELLANT
TO AN EXCESSIVE TERM RELYING UPON A MISTAKE-LADEN PRE-
SENTENCE REPORT.

Dkt. [10], Part 3 at 18 (Direct Appeal brief in the Superior Court).  The Superior Court affirmed

the conviction and sentence and denied relief.  Dkt. [10] , Part 4 at 20 - 29.  Petitioner, through the

same counsel, filed a Petition for Allowance of Appeal ("PAA") .  Dkt. [10], Part 5 at 5 wherein

he raised the following two issues:

    I.  WHETHER THE SUPERIOR COURT ERRED IN AFFIRMING THE TRIAL
COURT'S REFUSAL TO ALLOW THE TESTIMONY OF LEO PETRULLI,
THE VICTIM'S PARAMOUR AND ALLEGED FATHER OF ONE OF THE
VICTIM'S CHILDREN.

    II.  WHETHER THE SUPERIOR COURT ERRED IN DISMISSING
PETITIONER'S CLAIM [THAT THE TRIAL COURT ERRED BY

SENTENCING PETITIONER TO A TERM BEYOND THE GUIDELINES
RELYING UPON A MISTAKE-LADEN PRE-SENTENCE REPORT], FOR
FAILING TO COMPLY WITH Pa.R.A.P. 2119(F), WHERE SUCH DISMISSAL
EFFECTIVELY ABRIDGES PETITIONER'S RIGHT TO AN APPEAL.

Dkt. [10], Part 5 at 5.  The Pennsylvania Supreme Court denied the PAA on July 24, 1998.  Id., at

48.  No petition for certiorari appears to have been filed.

On July 26, 1999, nearly a year after denial of the PAA on direct appeal, Petitioner filed,

through a new privately retained attorney, his first Post Conviction Relief Act ("PCRA") petition.

Dkt. [10], Part 6 at 1 - 11.  See also Dkt. [6] at 2, ¶ 8 (stating that the PCRA petition was filed

through a privately retained attorney).[1]  The PCRA Court denied relief and dismissed the petition

---

[1]  The issues raised in the first PCRA petition were as follows:

A.  Ineffective Assistance of Counsel Which So Undermined the Truth Determining
Process That No Reliable Adjudication of Guilt or Innocence Could Have Taken Place . .
. In That:

1.  Trial counsel failed to object to the introduction at trial to a portion of two
emergency 911 tapes, on both of which Defendant engages in a conversation with a 911
operator, and on both of which Defendant invokes his right to counsel.
2.  Trial counsel failed to object to and thereby prevent a portion of testimony of
Sergeant Jack Gallingane of the Elizabeth Police Department which referred directly to
Defendant invoking his right to counsel while speaking with the 911 operators.
3.  Trial counsel failed to object and thereby prevent a reference by the
prosecutor, Allegheny County District Attorney Krastek, in his closing argument to the
fact that Defendant had invoked his right to counsel while speaking with the 911
operators.
4.  Trial counsel failed to object to the introduction at trial to a letter written ten
years earlier by Defendant's family law counsel, which had been directed to Defendant
as a confidential communication and privileged document.  Defendant nor his counsel
ever waived the privilege, and the contents of the letter were prejudicial to Defendant.

B.  A violation of the Provisions of the Constitution, Laws, or Treaties of the United
States Which Would Require the Granting of Federal Habeas Corpus Relief to a State
Prisoner . . . Where:
1.  Defendant was denied his Sixth and Fourteenth Amendment rights to
effective assistance of counsel because trial counsel failed to object to the introduction at
trial of the exhibits and testimony as enumerated above in Subsection A of Section III of
this Petition.

4

without a hearing.  Dkt. [10], Part 7, at 3.  The PCRA court issued its opinion in support of its

disposition after Petitioner filed his statement of matters complained of on appeal.  Dkt. [10], Part

7 at 12 - 18.   Still represented by the same privately retained PCRA counsel, Petitioner filed an

appeal to the Superior Court.  The sole issue raised in the Superior Court brief was:

> 1.  WHETHER IT IS PATENTLY FRIVOLOUS AND WITHOUT SUPPORT ON
> THE RECORD TO CLAIM THAT GEORGE LIPCHEY'S TRIAL COUNSEL
> WAS INEFFECTIVE FOR FAILING TO OBJECT ON GROUNDS OF
> ATTORNEY-CLIENT PRIVILEGE TO THE COMMONWEALTH'S USE OF A
> LETTER AT TRIAL THAT WAS DIRECTED TO LIPCHEY BY HIS FAMILY
> LAW COUNSEL.

Dkt. [10], Part 7 at 31.  The Superior Court denied relief.  Dkt. [10], Part 8 at 14 - 19.   Petitioner

then filed a pro se PAA in the Pennsylvania Supreme Court.  Dkt. [10] , Part 8, at 24 - 47.   The

sole issue raised in that pro se PAA is that Petitioner's trial counsel was ineffective for failing to

object to the introduction of the letter written to Petitioner by his family law attorney 10 years

prior to the trial.  See id.  The Pennsylvania Supreme Court denied the PAA on July 30, 2001.

Nearly three years later, Petitioner filed on April 12, 2004, a second PCRA petition

through a new privately retained attorney, who is also Petitioner's current attorney in this habeas

proceeding.  Dkt. [10], Part 9.  It is only in this second PCRA petition that the issues which

Petitioner presently raises in his habeas petition were raised for the first time in the state courts.

The PCRA court dismissed the second PCRA petition as patently frivolous.  Dkt. [11], Part 2 at

23.  Petitioner, through counsel, filed an appeal and statement of matters complained of on appeal.

Dkt. [11], Part 2 at 28  - 33.  He also filed a supplement to the second PCRA petition wherein he

raised the additional issue of trial counsel's ineffectiveness during the voir dire process.  Id., Part

2 at 34 - 41.  The PCRA court issued its opinion in response to the Petitioner's statement of

---

Dkt. [10], Part 6 at 3 - 4.

matters complained of on appeal.  Dkt. [11], Part 4 at 51 to 53.   In that opinion, the PCRA court

found the second PCRA petition to be time barred and therefore did not address on the merits any

of the issues raised therein, which are also the issues presently raised in the instant habeas

petition.  Id.  Petitioner then filed his brief in the Superior Court, essentially raising the same

issues therein as he raises now in this habeas petition.  Dkt. [11], Part 4 at 1 - 50.  Compare id., at

p. 6 (statement of questions involved) with summary of issues as recounted in this Report, supra

at pp. 1- 3.  The Superior Court denied relief, affirming the PCRA court's conclusion that the

second PCRA petition was untimely filed. Dkt.  [11], Part 8 at 1 - 7. Petitioner, through counsel,

filed a PAA in the Pennsylvania Supreme Court, raising essentially the same issues therein as he

raises in the present habeas petition.  Dkt. [11] , Part 9 (especially see id at 4 - 5, i.e., the

statement of questions presented for review).  On December 29, 2005, the Pennsylvania Supreme

Court denied the PAA.  Dkt. [11], Part 10 at 48.

        Petitioner is not deemed to have filed the current habeas petition until, at the earliest,

almost seven months later, i.e., on July 25, 2006.  Dkt. [6]. The Respondents filed their answer,

Dkts. [10] - [11], in which they pointed out that this habeas petition is untimely filed under 28

U.S.C. § 2244(d).  Dkt. [10], Part 1 at 16 - 20.   Petitioner filed a traverse but did not argue that

his petition was timely filed.

        **B.  Applicable Legal Standards**

        The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I,

§101 (1996) (AEDPA), which amended the standards for reviewing state court judgments in

federal habeas petitions filed under 28 U.S.C. § 2254, was effective April 24, 1996.  Because

Petitioner's habeas petition was filed after AEDPA's effective date, AEDPA is applicable to this

case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

### C. Discussion

#### 1. Statute of Limitations

The Respondents contend that the instant petition is untimely because it was not filed within one year of Petitioner's conviction becoming final.  The Respondents are correct.

With the enactment of AEDPA, Congress has required that state prisoners file their federal habeas petitions within one year of any of four enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Although a habeas respondent has the burden of affirmatively pleading AEDPA's statute of limitations, Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002), it is appropriate, where the habeas petitioner has been put on notice of a statute of limitations issue, to place some burden on the habeas petitioner to show why some date other than the date of the conviction becoming final should be used to calculate the running of the statute of limitations.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response") (citing, Herbst v. Cook,

7

260 F.3d 1039, 1041-42 (9th Cir. 2001)); Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").

In this regard, it is appropriate to place at least some burden of pleading and production on a habeas petitioner to show that the date for the running of the AEDPA limitations period should start from either the date a State created impediment was removed (28 U.S.C. § 2244(d)(1)(B)) or start from the date on which a factual predicate could first have been discovered (28 U.S.C. § 2244(d)(1)(D)). Jackson, 292 F.3d at 1349 ("Because Jackson did not assert that a government-created impediment to his filing existed, that he based his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through due diligence before the filing of this petition, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final."). This is so because it would seem that such information is more peculiarly within the party asserting/arguing the existence of such impediment and/or factual predicate, i.e., the habeas petitioner. In addition, it would be more peculiarly in the knowledge of a habeas petitioner if he is asserting/arguing that his habeas petition relies upon a newly recognized constitutional right made retroactive by the Supreme Court. Cf. Gomez v. Toledo, 446 U.S. 635, 640-41 (1980)("Our conclusion as to the allocation of the burden of pleading is supported by the nature of the qualified immunity defense. As our decisions make clear, whether such immunity has been established depends on facts peculiarly within the knowledge and control of the defendant."); Compagnie Des Bauxites De Guinee v. Insurance Co. of North America, 721 F.2d 109, 116 (3d Cir.

8

1983)("Indeed, allocating the burden of persuasion to the insured is consistent with the well established rule that where the facts lie peculiarly within the knowledge of one party, that party should bear the risk of non-persuasion. Any other rule would be particularly onerous to a party lacking information but required to prove a negative."). Thus, once a habeas petitioner has been put on notice of the affirmative defense of AEDPA's statute of limitations, he bears the burden of demonstrating why the date for the start of AEDPA's limitations period is other than the date the conviction became final or some other reason why the statute of limitations has not run.

For purposes of calculating the timeliness of Petitioner's current habeas petition, Petitioner's conviction became final 90 days after July 24, 1998, the date whereon the Pennsylvania Supreme Court denied the PAA in his direct appeal, i.e., October 22, 1998.[2] See United States Supreme Court Rule 13 (providing that a petition for certiorari must be filed no later than 90 days after entry of an order denying discretionary review by the state court of last resort); Stokes v. District Attorney of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001)(explaining that AEDPA's phrase "became final by ... expiration of time for seeking [direct] ... review" includes the 90 days time in which to seek certiorari); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Hence, utilizing Rule 6, we calculate AEDPA's statute of limitations from October 22, 1998 and it continues to run until Petitioner filed his first PCRA petition, i.e., on July 26, 1999.

---

[2] In counting this 90 day time period and all time periods herein, the court follows Fed.R.Civ.P. 6 which provides in relevant part that

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Dkt. [10], Part 6 at 1 (date stamp); Dkt. [10], Part 2 at 16 (docket showing PCRA petition filed as of July 26, 1999).  See 22 U.S.C. § 2244(d)(2) (properly filed state post conviction petition tolls the running of AEDPA's statute of limitations).   Hence, 276 days of AEDPA's one year[3] statute of limitations ran, leaving only eighty-nine days left.  Petitioner's first PCRA petition tolled AEDPA's statute of limitations only until July 30, 2001, the date whereon the Pennsylvania Supreme Court denied the PAA in the first PCRA proceedings.  Dkt. [10], Part 8, at 48. See also Stokes v. District Attorney of Philadelphia County, 247 F.3d 539, 542 (3d Cir. 2001)(90 day period in which to file a petition for certiorari after discretionary review by the State Supreme Court in post conviction proceedings does not toll AEDPA's statute of limitations).  Hence, AEDPA's statute of limitations began to run again on July 31, 2001, and continued to run until eighty nine days later, when it ran out on October 28, 2001.

It was not until April 12, 2004, more than two years later, that Petitioner filed his second PCRA petition.  However, that second PCRA petition has no impact on the timeliness of Petitioner's present habeas petition under AEDPA for two independent reasons.  First, because the state courts determined that the second PCRA was time barred, it cannot constitute a  "properly filed" petition within the contemplation of 28 U.S.C. §2244(d)(2) and hence could not toll the running of AEDPA's statute of limitation.  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005)("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings' including 'time limits upon its delivery'")(quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (holding that because petitioner's second PCRA petition was untimely under state law, it

---

[3] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001); Stokes v. Miller, 216 F.Supp.2d 169 (S.D.N.Y. 2000).

was not "properly filed" for purposes of AEDPA).  Second, even if it were properly filed, because AEDPA's statute of limitations had already run, there was nothing left for the second PCRA petition to toll.  Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002)("§ 2244(d)(2)'s tolling provision excludes time during which a properly filed state post-conviction is pending but does not reset the date from which the one-year limitations period begins to run")(citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Because the habeas petition was not filed within one year of Petitioner's conviction becoming final and because Petitioner has not, in a traverse to the answer, argued why the AEDPA statute of limitations has not run, the petition is time barred and should be denied as such.

### 2.  Procedural Default

In the alternative, Petitioner has procedurally defaulted all of his claims because the only place in the state courts that he raised the issues which he now raises in this habeas petition was in the second PCRA petition.  The state courts, however, steadfastly held that the second PCRA petition was time barred and hence, Petitioner has procedurally defaulted the claims he now raises in this habeas petition.

The doctrine of procedural default provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court.  See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring

11

challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas).  The Court of Appeals for the Third Circuit has explained that the "doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief."  Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991), overruled on other grounds by Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992).

All of the state courts refused to address Petitioner's claims raised in the second PCRA petition on the merits because of the state procedural rule barring consideration of the merits if the PCRA petition is not timely filed.  This is true for all of Petitioner's claims save one; the Superior Court did address Petitioner's claim that the PCRA statute of limitations is unconstitutional.  Dkt. [11], Part 8, at 4 n.1.  The court will address this issue below.  Petitioner's failure to timely file his PCRA petition constitutes a procedural default.  See, e.g., Banks v. Horn, 49 F.Supp.2d 400 (M.D. 1999) (holding that the state Supreme Court's refusal to consider a death sentenced PCRA petitioner's claims because his PCRA petition was untimely constituted a procedural default barring federal habeas review and that the PCRA's statute of limitations and its application by the state courts was independent and adequate).  It appears that, other than in death cases,[4] wherein the Pennsylvania Supreme Court's relaxed waiver rule applied at one early point, the state courts regularly and consistently have applied the PCRA statute of limitations so as to render it an "adequate" state law ground.  Catanch v. Larkins, No. 98-85, 1999 WL 529036 (E.D. Pa.  July 23, 1999)(holding certain claims which were not otherwise exhausted had been procedurally defaulted

---

[4] See, e.g., Bronshtein v. Horn, 404 F.3d 700 (3d Cir. 2005) (explaining the Pennsylvania Supreme Court's rule of relaxed waiver and recounting its history and its significance for procedural default analysis); Peterson v. Brennan, No. Civ.A. 97-3477, 2004 WL 1505253, *7 (E.D. Pa. June 15, 2004)("While the Court is aware of the Pennsylvania courts' past practice of relaxing state procedural rules in death penalty cases, referred to as the 'relaxed waiver rule,' . . . petitioner does not cite any cases in which the relaxed waiver rule was applied in a noncapital case").  This is a non-capital case.

because the claims could not be brought under a second PCRA petition as that petition would be time barred and that the state courts apply the PCRA statute of limitations consistently, thus rendering it an adequate and independent state law ground); Holland v. Horn, 150 F.Supp.2d 706 (E.D. Pa. 2001).[5]  Moreover, Petitioner fails to allege, as is his burden,[6] the existence of either cause or prejudice for the procedural default, i.e., for failing to bring a timely PCRA petition. Neither does it appear that a miscarriage of justice would occur.  Accordingly, the Section 2254 petition should be dismissed.

The one issue that arguably was not procedurally defaulted was the issue of whether the PCRA one year statute of limitations violates the United States Constitution.  Petitioner raises two claims.  First, he contends that the one year PCRA statute of limitations is "constitutionally arbitrary and capricious" and second, that the statute of limitations denies Petitioner access to the courts.

_____

[5]  Pursuant to Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996), it would appear that Petitioner's procedural default occurred when the PCRA one year statute of limitations ran out, i.e., October 22, 1999.  Dkt. [11], Part 8 at 5 (Superior Court opinion calculating the date the PCRA limitations period ran out).  Also pursuant to Doctor, it would appear that we must measure the adequacy of the PCRA statute of limitations as of that time, i.e., we must ask whether as of October 22, 1999, the PCRA statute of limitations was regularly and consistently applied.  We find that as of December 17, 1997 and thereafter, in cases other than death cases, the PCRA statute of limitations was regularly and consistently applied.  See, e.g., Commonwealth v. Alcorn, 703 A.2d 1054 (Pa.Super. Dec. 17, 1997) (applying PCRA's statute of limitations) and Commonwealth  v. Conway, 706 A.2d 1243 (Pa.Super. Dec. 17, 1997)(same); Commonwealth v. Barrett, 761 A.2d 145 (Pa.. Super. 2000)(applying the PCRA time bar to a PCRA petition filed July 1998).  See also  Banks v. Horn, (finding PCRA's statute of limitations adequate);  Catanch v. Larkins, No. 98-85, 1999 WL 529036 (E.D. Pa.  July 23, 1999)(same); Holland v. Horn, 150  F.Supp.2d 706 (E.D. Pa. 2001)(same).

[6]  See Songer v. Wainwright, 733 F.2d 788, 792 (11th Cir. 1984)("The district court properly held that because defendant alleged neither cause nor prejudice, he is now barred from raising these claims.") (emphasis added), reh'g en banc granted and opinion vacated by, 758 F.2d 552 (11th Cir. 1985), opinion reinstated by, 769 F.2d 1497 (11th Cir. 1985); Elrich v. McCullion, 861 F.2d 720 (Table), 1988 WL 119461, at *1 (6th Cir. 1988)("petitioner was required to allege cause and prejudice to excuse his procedural default.  See Engle v. Isaac, 456 U.S. 107 (1982);  Wainwright v. Sykes, 433 U.S. 72 (1977).  Because petitioner has failed to allege cause and prejudice, the district court was precluded from reviewing his claims."); Simpson v. Jones, 238 F.3d 399 (6th Cir. 2000).

13

As an initial matter, the court finds the entire claim attacking the second PCRA proceedings via attacking the PCRA statute of limitations non-cognizable in this federal habeas proceeding.  Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation. . . . Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.'"); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure").  Contra Dickerson v. Walsh, 750 F.2d 150, 153 (1st Cir. 1984).

Even if cognizable, we find Petitioner's contentions about the PCRA statute of limitations meritless.  The court understands Petitioner's first argument of arbitrariness and capriciousness to be a claim under the Fourteenth Amendment's substantive due process clause.  Pearson v. City of Grand Blanc, 961 F.2d 1211, 1217 (6th Cir. 1992)( "[t]he right not to be subject to 'arbitrary or capricious' action by a state either by legislative or administrative action is commonly referred to as a 'substantive due process right.'") (citing, Curto v. City of Harper, 954 F.2d 1237, 1243 (6th Cir. 1992).  Petitioner has not shown, as is his burden,[7] that the PCRA statute of limitations is

---

[7]  See, e.g., In re TMI Litigation Cases Consol. II, 940 F.2d 832, 861 (3d Cir. 1991) ("Given the goals underlying the Amendments Act, we believe that its provision for retroactivity was rationally directed to a legitimate federal concern. As the plaintiffs have failed to meet the burden of showing that the Amendments Act was arbitrary and irrational in purpose and effect, we find no ground for holding the Amendments Act unconstitutional. . ."); Folk v. Atty. Gen. of Commonwealth of Pa., 425 F.Supp.2d 663, 673 (W.D.Pa. 2006)("Petitioner has failed to carry his burden of showing that the Board's requirement

arbitrary and capricious.  Rather, the PCRA statute of limitations, as with any statute of limitations, is manifestly intended "to spare the courts from litigation of stale claims, and the [responding party] from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314 (1945).  Hence, such a limitations period serves a legitimate government interest and cannot be said to be arbitrary (in the constitutional sense) or capricious.

_____Indeed, what the Court of Appeals for the Third Circuit has said in a somewhat analogous context is equally applicable here:

> Other courts recently have upheld statutes that in effect extinguish claims before they accrue. Because statutory periods are in some sense arbitrary, the period to initiate suit occasionally expires before a claimant has sustained any injury, see, e.g., Jewson v. Mayo Clinic, 691 F.2d 405, 411 (8th Cir.1982); see also Dincher v. Marlin Firearms Co., 198 F.2d 821, 822- 23 (2d Cir.1952), or before the claimant knows he has sustained an injury, see, e.g., Jewson, 691 F.2d at 411; Clark v. Gulesian, 429 F.2d 405, 406 (1st Cir.1970), cert. denied, 400 U.S. 993 (1971). Such a statute does not violate due process if the limitation period is otherwise reasonable. See Braswell v. Flintkote Mines, Ltd., 723 F.2d 527, 531 (7th Cir.1983), cert. denied, 467 U.S. 1231 (1984); Mathis v. Eli Lilly & Co., 719 F.2d 134, 139 (6th Cir.1983); Jewson, 691 F.2d at 411; Ornstein v. Regan, 604 F.2d 212, 214 (2d Cir.1979). Plaintiffs' due process claim must therefore fail because here the period is reasonable.

Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 555 (3d Cir. 1985).[8]  Here, the one year filing deadline for PCRA petitions is eminently reasonable.  Given that Petitioner had filed at least one post conviction petition prior to the expiration of the one year statute of limitations and given

that he admit his guilt for his past criminal behavior shocks this court's conscience or is arbitrary or capricious. Hence, he has failed to show a violation of his substantive due process rights.").

[8]  In some ways, Ciccarelli provides an even more compelling case for a substantive due process violation. There, the statute of limitations at issue operated so as to "in effect extinguish claims before they accrue[d]," Ciccarelli, 757 F.2d at 555, and still the Court of Appeals held substantive due process was not violated.  In contrast, Petitioner's argument presents a much weaker case for finding the PCRA one year statute of limitations violative of substantive due process in light of the fact that he already had brought one PCRA petition within the statute of limitations.

15

the PCRA's statutory exceptions[9] permitting the filing of even second or successive PCRA petitions for the purpose of raising what are essentially newly discovered claims that could not have been earlier discovered with reasonable diligence, the limitations period provided PCRA petitioners is more than reasonable.  Given that there is no constitutional right to even have post conviction proceedings provided by the State,[10] this reasonable restriction on the filing of late PCRA petitions does not violate substantive due process, i.e., is not fundamentally unfair or arbitrary and capricious.  Accordingly, Petitioner has failed to establish any substantive due process violation.

Petitioner's contention that the PCRA's one year statute of limitations violates his right of access to the courts also lacks any merit.  First, the right of access does not create a right to have the courts consider actions that are not within their jurisdiction.   See, e.g., Marozsan v. U.S., 849 F.Supp. 617, 645 (N.D. Ind. 1994)("The absence of judicial review of V.A. determinations, however, does not equate with the First Amendment guarantee of meaningful access to the courts.

---

[9] See 42 Pa.C.S.A. § 9545(b) which provides exceptions as follows:

(b) Time for filing petition.--
(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
(I) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

[10] Williams v. State of Missouri, 640 F.2d 140, 143 (8th Cir. 1981)("there is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions.").

16

The right of access does not mandate jurisdiction where none exists or the creation of a cause of action which has not been recognized.  Marozsan has always had access to the courts, though the courts may not have had jurisdiction over the particular claim he wished to press."); Cohen v. Horn, No. Civ.A. 97-7175, 1998 WL 834101, *3 (E.D.Pa. Dec. 2, 1998)(the "fundamental right of access only provides prisoners with the assurance that they will have adequate resources to present valid claims to courts empowered to hear those claims.  It does not create a substantive right to have otherwise unreviewable claims heard by courts without jurisdiction to hear them.").  The courts of Pennsylvania have held that the PCRA statute of limitations is jurisdictional. Commonwealth v. Murray, 562 Pa. 1, 753 A.2d 201 (2000) (the time limitations of the PCRA are jurisdictional and no court may disregard or alter those  requirements in order to reach the merits of claims raised in an untimely filed petition).  Hence, enforcement of the one year statute of limitations no more denies Petitioner access to the courts than does enforcing the thirty day appeal period for the filing of appeals in Pennsylvania courts or enforcing the thirty day appeal period in the federal courts, both of which are considered jurisdictional time limits.  See Wilson v. Giesen, 956 F.2d 738, 744 (7th Cir. 1992) ("Further, the fundamental right of access to the courts has not been burdened here, as the mere shortening of the limitations period would not have prevented plaintiff from maintaining his claim, had he done so in a timely fashion.").   This is especially true when Petitioner had at least one bite at the proverbial state post conviction relief apple prior to the filing of his second PCRA petition which was untimely.  See, e.g., Ciccarelli, 757 F.2d at 554 (3d Cir. 1985)(in rejecting a challenge to a state statute of limitations based upon claim that it denies access to courts, the appeals court held that "[t]here is no absolute and unlimited constitutional right of access to courts.  All that is required is a reasonable right of access--a reasonable opportunity to be heard."); Campbell v. Miller, 787 F.2d 217, 226 (7th Cir. 1986) ("Campbell's

right of access, however, is not unconditional.  The constitutionally relevant benchmark is *meaningful*, not total or unlimited access.") (citation omitted).  Petitioner has had reasonable access to the state courts and the PCRA's statute of limitations provides reasonable access to the state courts.  Accordingly, this issue does not merit relief.

### D.  Certificate of Appealability

A certificate of appealability (COA) should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).  In Slack v. McDaniel, the Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. at 478.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Id. at 484-85.  The test is conjunctive and both prongs must be met.  See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for failure to comply with AEDPA's statute of limitations and/or for Petitioner's procedural default was correct or that the challenge to the

PCRA statute of limitations is non-cognizable in habeas proceedings.  Accordingly, a certificate of appealability should be denied.  Because of this conclusion, the court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether petitioner has made a substantial showing of a denial of a constitutional right with respect to all of his claims other than the PCRA statute of limitation's constitutionality.  However, as to the claim that the PCRA statute of limitations violates the federal constitution, the Court finds that jurists of reason would not find the court's disposition of this claim debatable.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   *Amy Reynolds Hay*
United States Magistrate Judge

Dated:   4 June, 2007

cc:      The Honorable Terrence F. McVerry
         United States District Judge

         H. David Rothman
         5825 Fifth Avenue
         Suite 104-A
         Pittsburgh, PA 15232

         Ronald M. Wabby, Jr., Esquire
         by Notice of Electronic Filing

19